# NOS. 12-14-00213-CR
# 12-14-00214-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *BRANDON GOBER,* *APPELLANT* | § | *APPEALS FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

*MEMORANDUM OPINION*
*PER CURIAM*

Brandon Gober appeals his convictions for aggravated sexual assault of a child. Appellant's counsel filed a brief asserting compliance with ***Anders v. California***, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) and ***Gainous v. State***, 436 S.W.2d 137 (Tex. Crim. App. 1969). We affirm.

<u>BACKGROUND</u>

A Smith County grand jury returned two indictments against Appellant for the offenses of aggravated sexual assault of a child. Pursuant to a plea bargain agreement, Appellant pleaded "guilty" to both offenses and was placed on deferred adjudication community supervision for a period of ten years. On May 12, 2014, the State filed an application to adjudicate Appellant's guilt in each case. In its application, the State alleged that Appellant violated his conditions of supervision by committing the offense of arson.

Appellant pleaded "not true" to the State's allegation. Following a hearing, the trial court found the State's allegation that Appellant committed arson "true," found Appellant "guilty" in

each case, and assessed his punishment in each case at imprisonment for life. The sentences were ordered to run concurrently. This appeal followed.

### ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

Appellant's counsel has filed a brief in compliance with *Anders* and *Gainous*. Counsel states that he has reviewed the appellate record and that he is unable to find any reversible error or jurisdictional defects. In compliance with *Anders*, *Gainous*, and *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978), counsel's brief presents a thorough chronological summary of the procedural history of the case and further states why counsel is unable to present any arguable issues for appeal.[1] *See Anders*, 386 U.S. at 745, 87 S. Ct. at 1400; *Gainous*, 436 S.W.2d at 138; *see also Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 350, 102 L. Ed. 2d 300 (1988).

We have considered counsel's brief and conducted our own independent review of the record. We found no reversible error. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

### CONCLUSION

As required, Appellant's counsel has moved for leave to withdraw. *See In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991) (en banc). We are in agreement with Appellant's counsel that the appeal is wholly frivolous. Accordingly, we grant his motion for leave to withdraw, and affirm the judgments of the trial court. *See* TEX. R. APP. P. 43.2(a).

As a result of our disposition of this case, Appellant's counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgment to Appellant and advise him of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 48.4; *In re Schulman*, 252 S.W.3d at 411 n.35. Should Appellant wish to seek review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review on his behalf or he must file a petition for discretionary review pro se. Any petition for discretionary review must be filed within thirty days after either the date of this court's judgment or the date the last timely motion for rehearing was overruled by this court.

---

[1] Counsel states in his motion to withdraw that he provided Appellant with a copy of his brief. Appellant was given time to file his own brief in this cause. The time for filing such brief has expired, and we have received no pro se brief.

*See* TEX. R. APP. P. 68.2(a). Any petition for discretionary review must be filed with the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3(a). Any petition for discretionary review should comply with the requirements of Texas Rule of Appellate Procedure 68.4. *See In re Schulman*, 252 S.W.3d at 408 n.22.

Opinion delivered July 8, 2015.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

JULY 8, 2015

NO. 12-14-00213-CR

**BRANDON GOBER,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 114th District Court

of Smith County, Texas (Tr.Ct.No. 114-1029-13)

THIS CAUSE came to be heard on the appellate record and brief filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

By per curiam opinion.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JULY 8, 2015**

**NO. 12-14-00214-CR**

**BRANDON GOBER,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 114th District Court

of Smith County, Texas (Tr.Ct.No. 114-1030-13)

THIS CAUSE came to be heard on the appellate record and brief filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*